United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| AROLDO HUMBERTO CADRIEL, § <br> "Petitioner", § <br> § <br> v. § <br> § <br> § <br> BOBBY LUMPKIN, Director, Texas § <br> Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> "Respondent". § | Lead Case: <br> Civil Action No. 1:18-cv-00080 <br><br> Member Case: <br> Civil Action No. 1:20-cv-00188 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner's "Petition for Relief from a Conviction or Sentence by a Person in State Custody" (Dkt. No. 76) and "Memorandum of Law in Support of Petition for Relief under 28 U.S.C. § 2254" (Dkt. No. 78), Respondent's "Motion for Summary Judgment with Brief in Support" ("MSJ") (Dkt. No. 88), Petitioner's "Response to Motion for Summary Judgment" (Dkt. No. 89), "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 90), Respondent's "Objections" (Dkt. No. 91), and Petitioner's "Objections to Report and Recommendations" ("Objections") (Dkt. No. 121).

The R&R recommends (1) granting Respondent's MSJ (Dkt. No. 88), (2) directing the Clerk of Court to close this Civil Action and Civil Action No. 1:20-cv-188, and (3) declining to issue a certificate of appealability. Dkt. No. 90. Respondent and Petitioner objected to the R&R. Dkt. Nos. 91, 121.

**I.  BACKGROUND**

This case is linked to Civil Action No. 1:20-cv-188[1]. In the 404th Judicial District Court of Cameron County, Texas, a jury found Petitioner guilty of murder in violation of § 19.02 of the Texas Penal Code and assessed a punishment of life imprisonment. Dkt. No. 11-10 at 36, 41, 47-48. Petitioner's conviction was affirmed on direct appeal. *See* Dkt. No. 11-3.

Petitioner filed a state habeas application in the 404th Judicial District Court of Cameron County, Texas (hereinafter the "state habeas trial court") under Article 11.07 of the Texas Code of

---

[1] Unless otherwise noted, all docket entry references are references to Civil Action No. 1:18-cv-80.

Criminal Procedure.[2] Dkt. No. 11-52 at 3-4, 18. The state habeas trial court entered its final "Findings of Fact, Conclusions of Law, Recommendation and Order," in which it recommended the Texas Court of Criminal Appeals ( "TCCA") deny Petitioner's habeas claims. Dkt. No. 89-9 at 178. The TCCA adopted the state habeas trial court's findings without a written order. Dkt. No. 74-4.

Petitioner filed the instant federal habeas petition in this Court. Petitioner claims that his trial counsel, Nathanial Perez, Jr. ("Mr. Perez"), provided ineffective assistance of counsel. Dkt. Nos. 76-1, 78. Petitioner also asserts an actual innocence claim, a prosecutorial misconduct claim, an unreasonable search claim, an unreasonable seizure claim, and a *Miranda* claim. *Id.*

## II. DISCUSSION

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In respect to the portions of the R&R, to which there were no objections, the district court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Finding no clear error, abuse of discretion, or finding contrary to law, the portions of the R&R which were not objected to are adopted.

### A. Petitioner's Objections

Petitioner's objections are exact restatements of Petitioner's arguments raised in his "Response to Motion for Summary Judgment" (Dkt. No. 89). *See* Dkt. No. 121 at 5-9. As the R&R analyzed in detail, Petitioner has failed to show either that the state court adjudication deviated from, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication caused a decision based on an unreasonable determination of the facts in evidence presented in the state court. *See* 28 U.S.C. § 2254(d). This Court overrules Petitioner's objections.

### B. Respondent's Objections[3]

Petitioner's prosecutorial misconduct, *Miranda*, and Fourth Amendment claims were raised but not addressed by the state habeas trial court and the TCCA. Dkt. Nos. 76-8, 80-15. Because Petitioner did not present these claims to the highest state court, Petitioner did not exhaust

---

[2] *See* Tex. Code. Crim. P. Art. 11.07.
[3] Respondent does not object to the R&R's findings. *See* Dkt. No. 91 at 4. The Court adopts the R&R's findings under the "clearly erroneous, abuse of discretion and contrary to law" standard. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

those issues. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). But Petitioner's unexhausted claims would be procedurally barred by the state courts. Thus, the claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991); *see also Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000); *Martin v. Davis*, 839 Fed. Appx. 921, 922 (5th Cir. 2021). Petitioner has not shown cause and prejudice excusing his failure to exhaust or that the failure to consider his constitutional claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.

### III. CONCLUSION

For all the reasons stated, the R&R (Dkt. No. 90) is **ADOPTED**. Respondent's MSJ (Dkt. No. 88) is **GRANTED**; the Court **DECLINES** to issue a certificate of appealability; and the Clerk of Court is **ORDERED** to close Civil Action No. 1:18-cv-80 and Civil Action No. 1:20-cv-188.

Signed on this 22nd day of February, 2022.

_____
Rolando Olvera
United States District Judge